UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PIERRE A. VINCENT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:14-cv-00095-JAW |
| | ) | |
| BOB BURTON, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Pierre A. Vincent complains about the conduct of Defendants Bob Burton and Colleen Cothran, who evidently were employed with Plaintiff by the United States Postal Service. The matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Quash Service (ECF No. 11).[1]

Following a review of the pleadings, and after consideration of the Defendants' arguments, as explained below, the recommendation is that the Court deny the Motion to Dismiss, grant the Motion to Quash, and enter an order extending the time for Plaintiff to make proper service upon Defendants.

**Background**

Plaintiff filed his complaint on March 17, 2014 (ECF No. 1). On April 14, 2014, Plaintiff filed a return of service by certified mail (ECF No. 5). In that filing, the form proof of service affidavit is entirely blank. The attached certified mail receipts reflect that mail was sent to Colleen

---

[1] The Court referred the motions for report and recommended decision.

Cothran and Don Parent at the United States Postal Service Packaging and Distribution Center in Scarborough, Maine.[2] The return receipts bear illegible signatures and the identity of the individual who signed the receipts is not printed on the receipts. (*Id.*) Plaintiff subsequently filed a certified mail return receipt that was forwarded to Defendant Burton in Fort Myers, Florida, which receipt was received by "J. Carr" on April 14 (ECF No. 6).

## Discussion

A plaintiff is responsible for having the complaint and summons served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(c), (m). This Court cannot enter a judgment in the absence of personal jurisdiction, which "normally depends on legally sufficient service of process." *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014). When the adequacy of service is challenged by a defendant, the plaintiff has the burden of establishing that service was proper. *Id.* Plaintiff has filed no opposition to Defendants' challenge to service.

For general civil actions, Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process upon individuals within a judicial district of the United States. In particular, the Rule identifies several means by which a plaintiff can serve a defendant personally. Notably, the Rule does not authorize service by certified mail. Rule 4(i) sets forth the service that is required in cases in which a plaintiff asserts a claim against an officer or employee of the United States for an act or omission on behalf of the United States. Insofar as Plaintiff's Complaint could be construed to assert a claim arising out of the parties' employment with the United States Postal Service, Rule 4(i) is arguably applicable. Where, as in this case, a plaintiff asserts a claim against individual employees, in addition to serving the United States (which can be accomplished by

---

[2] The Court's docket reflects that Plaintiff has filed three other actions in this Court this year. *Vincent v. James*, No. 2:14-cv-00238-JAW; *Vincent v. Parent,* No. 2:14-cv-00088-JAW; *Vincent v. Doran et al.*, No. 2:14-cv-00087 (closed). The certified mail directed to Don Parent was apparently forwarded to Mr. Parent in connection with the *Vincent v. Parent* matter.

2

certified mail), the plaintiff must serve the individuals in accordance with Rule 4(e), which does not authorize service by certified mail. Regardless of whether Rule 4(e) or Rule 4(i) governs, therefore, Plaintiff cannot serve Defendants individually by certified mail. Plaintiff's filings of the certified mail receipts thus do not constitute proof of service as required by Rule 4(*l*).[3]

If a plaintiff fails to accomplish service on a defendant within 120 days of filing a complaint, the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Under the circumstances of this case, which circumstances include the relatively brief period between the expiration of the 120 day period and the filing of the Motion to Dismiss, it is reasonable to permit Plaintiff another opportunity to make proper service upon Defendant.

## Conclusion

Based on the foregoing analysis, the recommendation is that the Court (1) deny Defendants' Motion to Dismiss, (2) grant Defendants' Motion to Quash and thereby quash the purported service upon Defendants by certified mail, and (3) extend the time by which Plaintiff must serve Defendants and file proof of service.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[3] The requirement of proper service is not waived by the entry of an appearance by counsel on behalf of Defendant. *Marcial Ucin, S.A. v. SS Galicia,* 723 F.2d 994, 997 (1st Cir.1983). Service of process does not merely provide notice to the defendant. It also gives the court jurisdiction over the person of the defendant. *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21, 23 (1st Cir.1992) (holding that return receipt evidencing service at a location other than the party's usual place of abode, signed by someone other than the party to be served, was insufficient to confer personal jurisdiction, despite actual notice on the part of the party to be served). Absent personal jurisdiction over Defendant, this Court lacks the power to enter judgment on Plaintiff's claim(s). *Vazquez-Robles*, 757 F.3d at 4.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of September, 2014.