UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PIERRE A. VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00095-JAW |
| | ) | |
| BOB BURTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT**

The Court dismisses the Plaintiff's *pro se* Complaint without prejudice because he has failed despite warnings from the Court over the fifteen months following the filing of his Complaint to effect service of process upon the Defendants.

**I.  STATEMENT OF FACTS**

On March 17, 2014, Pierre A. Vincent filed a complaint in this Court against Bob Burton and Colleen Cothran, with whom Mr. Vincent was employed at the United States Postal Service. *Compl.* (ECF No. 1).  On July 21, 2014, the Defendants moved to dismiss the Complaint because Mr. Vincent had not yet served them with the Complaint. *Defs.' Mot. to Dismiss or, in the Alternative, to Quash Serv.* (ECF No. 11).  On September 10, 2014, the Magistrate Judge recommended that the Court deny the motion to dismiss and enter an order extending the time to make proper service on the Defendants. *Recommended Decision* (ECF No. 13).  On November 3, 2014, this Court affirmed in part and modified in part the Magistrate Judge's recommended decision, setting January 5, 2015 as the deadline for Mr. Vincent to file proof of service

of process on the Defendants under Federal Rule of Civil Procedure 4.  *Order Affirming in Part and Modifying in Part the Recommended Decision of the Magistrate Judge* (ECF No. 17).

On November 25, 2014, Mr. Vincent filed a letter dated July 1, 2013 from the United States Postal Service, which Mr. Vincent marked as "New Evidence" together with five attachments: (1) a July 10, 2013 letter from the United States Postal Service, (2) an Opinion from an Expedited Arbitration Panel dated June 13, 2014, (3) a handwritten statement signed by Ronald P. Sellner dated April 25, 2014; and (4) a faxed document from Mr. Vincent dated November 21, 2014.  *New Evidence* Attachs. 1-4 (ECF No. 18).

Mr. Vincent has not, however, complied with the Court Order dated November 10, 2014 requiring him to file evidence of proper service of process by January 5, 2015. On January 29, 2015, the Defendants moved the Court to dismiss the Vincent Complaint based on insufficient process.  *Defs.' Mot. to Dismiss for Insufficient Process* (ECF No. 20).  Mr. Vincent has not responded to the Defendants' motion to dismiss.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 4(i)(3), to serve an employee of the United States, a party "must . . . serve the . . . employee under Rule 4(e) . . . ."[1]  FED. R. CIV. P. 4(i)(3).  Rule 4(e) provides that a person may effect service on an individual

---

[1]   Rule 4(i)(3) also refers to service under Rule 4(f) and (g).  FED. R. CIV. P. 4(i)(3).  However, neither subpart is applicable here.  Rule 4(f) addresses serving an individual in a foreign country and Rule 4(g) deals with serving a minor or incompetent person.  FED. R. CIV. P. 4(f)-(g).

2

by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(A)-(C). In addition, because Mr. Vincent initially filed suit in a state of Maine court, he could have effected service pursuant to the Maine Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). Although the language of Maine Rule of Civil Procedure 4(d)(1) differs slightly from its federal counterpart, the service requirements are generally the same. *See* ME. R. CIV. P. 4(d)(1).

In addition, the party must also serve the United States. FED. R. CIV. P. 4(i)(3) ("To serve a United States . . . employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . ., a party must serve the United States . . . ."). To serve the United States, a party must: (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk"; or (2) "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." FED. R. CIV. P.

4(i)(1)(A)(i)-(ii).  In addition, the party must: (1) "send a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C." and (2) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." FED. R. CIV. P. 4(i)(1)(B)-(C).

The Court tugged on this case in an effort to make certain that Mr. Vincent had sufficient time to effect service of process in a manner consistent with the Rules of Civil Procedure.  However, despite the passage of over six months from the date such proof was due and over fifteen months from the date he filed the Complaint, Mr. Vincent has failed to provide the Court with any evidence that he has complied with the Court Order dated November 3, 2014 and properly effected service of process.

In the event a defendant does not waive service of process, Rule 4(e) provides the means for a plaintiff to effect service. FED. R. CIV. P. 4(e).  Rule 4(m) establishes the time limit for service either by waiver or under Rule 4(e) and also sets forth the penalties for failure to do so:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  "Generally, courts are lenient with *pro se* litigants, especially in their efforts to comply with more technical rules.  However, the mere fact that a party is *pro se* 'is not automatically enough to constitute good cause for purposes of Rule 4(m).'" *Ryan v. Krause*, No. 1:11-cv-00037-JAW, 2012 U.S. Dist. LEXIS 99751 (D.R.I.

4

Jul. 17, 2012) (quoting *Pizzaro v. Wall,* No. 03-426S, 2004 U.S. Dist. LEXIS 8514, at *3 (D.R.I. Apr. 4, 2004)).

Furthermore, "[i]t is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure." *Robledo-Rivera v. Cartagena*, 233 F.R.D. 236, 237 (D.P.R. 2005). When a plaintiff does not correctly initiate a complaint by properly effecting service of process, the court where the complaint was filed is without personal jurisdiction over the defendants. *Farm Credit Bank v. Ferrera-Goitia*, 316 F.3d 62, 68 (1st Cir. 2003) ("Personal jurisdiction usually is obtained over a defendant by service of process"); *Robinson v. Hogansville Police Dep't*, 159 Fed. Appx. 137, 138 (11th Cir. 2005). As the First Circuit has noted, "the evident purpose of Rule 4(j)[2] was to compel parties and their counsel to be diligent in prosecuting causes of action." *United States v. Ayer*, 857 F.2d 881, 884 (1st Cir. 1988). Here, fifteen months after Mr. Vincent filed suit in this Court, he has still not effected service of process on the Defendants, even after warnings from this Court that he must do so. Nor has he offered good cause for his failure that would otherwise justify an extension of time.

In such a circumstance, a court does not err in dismissing the complaint. Rather than dismiss Mr. Vincent's Complaint with prejudice, however, the Court will dismiss his Complaint without prejudice. *See Roblero-Rivera*, 233 F.R.D. at 237 ("[T]he Court is fully aware that dismissal with prejudice is the death knell of the lawsuit").

---

[2] Rule 4(j) has since been replaced by Rule 4(m).

## III. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss for Insufficient Process (ECF No. 20) and DISMISSES Plaintiff Pierre A. Vincent's Complaint without prejudice.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2015